UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODRIGO DALY GURIS<br>    916 Mount Eyre Road<br>    Newtown, PA 18940<br>        Plaintiff | : : : : : | |
| vs. | : : : | Civil Action No. |
| UNITED STATES DEPARTMENT OF EDUCATION<br>    400 Maryland Ave., S.W.<br>    Washington, D.C. 20202<br><br>and<br><br>LINDA McMAHON, *in her official capacity as Secretary of Education*<br>    400 Maryland Ave., S.W.<br>    Washington, D.C. 20202<br>        Defendants | : : : : : : : : : : : : : | |

## COMPLAINT

Plaintiff, Rodrigo Daly Guris (the "Plaintiff"), submits this Complaint, alleging the following against Defendants United States Department of Education (the "Department" or "USED") and Linda McMahon in her official capacity as Secretary of Education:

### Summary of Action

1. This action arises under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, which grants jurisdiction to the district courts to compel agency actions unlawfully withheld or unreasonably delayed, and hold unlawful and set aside agency findings and conclusions that are "arbitrary, capricious, . . . or not otherwise in accordance with law."

2. Plaintiff is a physician and federal student loan borrower who, after more than a decade working in the nonprofit sector and making the required repayments on his student loan

obligation, was wrongfully denied a discharge of his remaining balance pursuant to the Department of Education's Public Service Loan Forgiveness ("PSLF") program. 20 U.S.C. §1087e(m); 34 C.F.R. § 685.219.

3. This lawsuit seeks to hold the Department accountable for promises it made to individuals like Plaintiff who have dedicated their working lives to public service for at least a decade. Having entered their professions with substantial educational debt, these individuals chose to delay pursuing higher paying jobs and, instead, to serve the public, relying on the promise of Congress and the Department: Make the required payments on your federal loans while working in your public service jobs and, after ten years, the remaining debt will be forgiven under the PSLF program.

4. After Plaintiff made his 120th payment and was therefore eligible for his PSLF discharge of the remaining balance, he submitted his application to the Department's designated servicer and thereafter accepted a job with a non-qualifying employer. Even though Plaintiff had complied with all the requirements for a PSLF discharge, the application was denied, based on the demonstrably false and arbitrary conclusion that he made only 119, rather than 120, PSLF-qualifying payments. The Department is unreasonably not counting one of his last payments, based on its servicer's arbitrary and capricious decision not to count payments it received during a month it designated as a general administrative forbearance period due to its transitioning to a new on-line platform, even though the payment in question had already been accepted before Plaintiff was notified of the supposed forbearance.

5. The Department is unlawfully withholding Plaintiff's right to a loan cancellation and/or is unreasonably delaying that cancellation, pursuant to 5 U.S.C. § 706(1), and is acting

arbitrarily and capriciously in not counting payments Plaintiff made and Defendant accepted, pursuant to 5 U.S.C. § 706(2)(A).

6. Plaintiff is also entitled to attorney fees under 28 U.S.C. § 2412(d), in that the Department's position lacks any possibly reasonable justification.

### The Parties

7. Plaintiff is an adult individual who resides in this District.

8. Defendant United States Department of Education is a federal agency headquartered in the District of Columbia with its principal office located at 400 Maryland Avenue, SW, Washington, D.C. 20202.

9. Defendant Linda McMahon is the Secretary of Education. She is sued solely in her official capacity.

### Jurisdiction and Venue

10. This Court has subject matter jurisdiction over this action because it is a case arising under federal law, *see* 28 U.S.C. § 1331, namely the Administrative Procedures Act, 5 U.S.C. §§ 702-706.

11. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(e) because this is an action against a federal agency, the Plaintiff resides here, and a substantial part of the events giving rise to the action occurred here.

### General Allegations

**A. The PSLF Program**

12. Congress created the PSLF program when it passed the College Cost Reduction and Access Act of 2007 ("CCRAA" or the "Act"), signed into law by President George W. Bush

3

on September 27, 2007.  The provisions relevant to the PSLF program are codified at 20 U.S.C. § 1087e(m) and are further defined in regulations at 34 C.F.R. 685.219.

13. Those provisions mandate that the Secretary of Education shall cancel the remaining principal and interest due on any Federal Direct Loan (including Direct Subsidized Loans, Direct Unsubsidized Loans, Direct PLUS Loans, and Direct Consolidated Loans) where:

   a. The loan is not in default;

   b. The borrower has made 120 monthly payments on an eligible Federal Direct Loan;

   c. The borrower has been employed in a "public service job" at the time he made each of the 120 monthly payments and, after making these payments, at the time he applies for the forgiveness of the balance.

20 U.S.C. §1087e(m)(1); 34 C.F.R. § 685.219(c)(1).

14. The Act's definition of public service jobs is broad.  The Act defines "public service job" to include a full-time job in a number of different areas, including "public health (including . . . full-time professionals engaged in health care practitioner occupations." 20 U.S.C. §1087e(m)(3)(B)(i).

15. Under the regulation, among the qualifying "public health" jobs is that of a physician. 34 C.F.R. § 685.219(b) (definition of "Public health").

16. Among the categories of "qualifying employer" designated by the regulation is: (a) a nonprofit organization under section 501(c)(3) of the Internal Revenue Code of 1986 that is exempt from taxation and (b) a not-for-profit organization that provides "public health" services. As further described below, each of Plaintiff's employers during the relevant time period met both of those definitions.

17. The regulation further provides, "For any months in which a borrower postponed monthly payments under a deferment or forbearance and was employed full-time at a qualifying

4

employer," then the borrower may obtain credit for those months by later making the payment that would have been made but for that deferment or forbearance. 34 C.F.R. § 685.219(g)(6). (Plaintiff believes and therefore avers that this regulation is referred to as the "Buy Back" provision.)

### B. Plaintiff's Student Loan Borrowing, Subsequent Employment and Loan Repayment

18. Plaintiff is a physician who specializes in pediatric anesthesiology.

19. He financed his medical education through the Federal Direct Loan Program, including the following disbursements:

| Academic Year | Loan Name | Dollars Borrowed |
|---|---|---|
| 2009-2010 | Unsubsidized Loan | 12,000 |
| 2009-2010 | Subsidized Loan | 8,500 |
| 2009-2010 | Unsubsidized Loan | 20,500 |
| 2009-2010 | Graduate PLUS Loan | 40,476 |
| 2010-2011 | Subsidized Loan | 8,500 |
| 2010-2011 | Unsubsidized Loan | 12,000 |
| 2010-2011 | Graduate PLUS Loan | 60,500 |
| 2010-2011 | Subsidized Loan | 8,500 |
| 2011-2012 | Unsubsidized Loan | 12,000 |
| 2011-2012 | Subsidized Loan | 8,500 |
| 2011-2012 | Graduate PLUS Loan | 56,500 |
| 2012-2013 | Graduate PLUS Loan | 45,500 |
| 2012-2013 | Unsubsidized Loan | 20,500 |
| **TOTAL ORIGINAL BORROWED** | | **$313,976** |

20. After the completion of his medical studies, Plaintiff was employed in the following, continuous series of full-time jobs in nonprofit medical institutions:

- June 2014 - June 2015 - Mercy Medical Center, Baltimore, physician intern;
- July 2015 - June 2018 - Johns Hopkins Hospital, resident anesthesiologist and later, fellow in Department of Anesthesiology and Critical Care;

- August 2018 - June 2021 - Children's Hospital of Philadelphia, fellow and then attending pediatric anesthesiologist;
- July 2021 - August 2024 - University of Pennsylvania; Assistant Professor of Anesthesiology and Critical Care.

21.     During this 10-year period, Plaintiff made all of his required student loan payments.

22.     During this period, Plaintiff's student loans were serviced for the Department by a loan servicer named MOHELA, the trade name of the Higher Education Loan Authority of the State of Missouri.

23.     During the relevant period, the Department, which contracts with various servicing organizations to service Federal Direct Student Loans, assigned to MOHELA all or most of the accounts of borrowers who declared an intention to be in the PSLF program.

24.     During the relevant period, MOHELA classified Plaintiff as a borrower seeking to have his payments counted toward a future PSLF discharge and, because of that status, MOHELA requested and Plaintiff submitted to MOHELA periodic employer certifications of his full-time employment by a qualifying PSLF employer.

25.     Plaintiff submitted a payment on May 27, 2024 after receiving a bill from MOHELA. At the time, this was either the 119th or 120th payment. As MOHELA confirmed by email, a copy of which is attached hereto as Exhibit A, this payment was applied to the payment due June 12, 2024.

26.     The following month Plaintiff tried to make one final PSLF-qualifying payment, as he had done previously, on MOHELA's online payment platform, but the platform was not functioning. This was consistent with an earlier communication from MOHELA that it would be transitioning to a new servicing platform during June 2024.

27. By July 2024 the MOHELA payment portal was functioning again, so on July 25, 2024, in response to a bill from MOHELA, Plaintiff made an additional payment, *i.e.*, either his 120th or 121th. This payment was confirmed by an email from MOHELA, a copy of which is attached as Exhibit B.

C. **Plaintiff's PSLF Application**

28. On August 4, 2024, Plaintiff submitted his PSLF application to the Department, and a day later, his employer at the University of Pennsylvania certified his employment, thereby completing the application. A copy is attached as Exhibit C.

29. In September 2024, after completing his required payments and submitting his application, Plaintiff accepted a position with a non-PSLF-qualifying medical practice.

30. The Department never communicated a formal denial of Plaintiff's PSLF application but made clear, through a series of communications, that it did not approve the application on the grounds of it being one payment short. More specifically, the Department informed Plaintiff, incorrectly, that he had missed a payment during the June-July 2024 period.

31. This was incorrect, in that, as reflected in Exhibits A and B, MOHELA had confirmed receipt of payments for both the June and July 2024 payments.

32. The Department invited Plaintiff to seek reconsideration, which he did, by submissions dated November 19 and December 9, 2024.

33. By email dated January 21, 2025, the Department claimed to respond to Plaintiff's reconsideration requests, explaining, "To avoid an account delinquency, MOHELA placed your account on an Administrative Forbearance beginning June 3, 2024, through August 2, 2024." A copy of the email is attached as Exhibit D.

34. In his request for reconsideration, besides disputing that the payments had not been made, Plaintiff also specifically referred to the Buy Back regulation at 34 C.F.R. § 685.219(g), which allows the Department to credit payments that were not earlier credited due to a deferment or forbearance.

35. Plaintiff engaged in repeated phone calls with representatives of MOHELA and/or the Department, during which he received confirmation that he was not getting credit for at least one of the payments he made during the supposed Administrative Forbearance period, and was encouraged to continue to try to get reconsideration.

36. On July 25, 2025 the Department sent Plaintiff a "payment count" letter from the Department, which continued to erroneously state that he had made only 119 payments. A copy of that letter is attached as Exhibit E.

37. Plaintiff submitted a third reconsideration request to the Department on or about July 30, 2025.

38. During the week of January 20, 2026, Plaintiff accessed an online transcript of his PSLF-qualifying payments and confirmed that the Department is acknowledging payment of the the June and July 2025 installments but is erroneously classifying them as nonqualifying. Attached as Exhibit F is a screenshot of the page where this mistake is apparent.

39. To date, the Department has never communicated any explanation for its failure to credit payments that were, in fact, accepted and not returned, and, because he was no longer employed by a qualifying employer, Plaintiff has had no choice but to continue making monthly payments over $3,000 in order to protect his credit rating.

## CLAIMS FOR RELIEF

### COUNT ONE
### 5 U.S.C. § 706(1)
### (Agency Action Unlawfully Withheld and/or Unreasonably Delayed)

40. Plaintiff incorporates by reference all the above allegations as if set forth fully herein.

41. During all relevant periods, Plaintiff was a full-time employee of a "qualified employer" under the PSLF regulation, 34 C.F.R. § 685.219, and submitted his application for PSLF relief at a time when he was still employed by a qualified employer.

42. Plaintiff has fully complied with all the requirements for a discharge of his student loan balances pursuant to the PSLF program.

43. The Defendant Department has a mandatory, nondiscretionary duty to forgive the remaining student loan balances of any borrower who fully completes the requirements of the PSLF program. *See* 20 U.S.C. § 1087e(m)(1) (the Secretary "*shall* cancel the balance of interest and principal due" on any eligible loan (emphasis added)).

44. More than seventeen months have passed since Plaintiff completed his PSLF payments and submitted his application.

45. Notwithstanding this passage of time, the Department has failed to cancel the remaining balances of Plaintiff's loans, which inaction and delay has caused Plaintiff serious monetary harm of more than $3,000/month during that period.

46. Plaintiff is "aggrieved" by this inaction within the meaning of 5 U.S.C. § 702.

47. There is no other adequate remedy available to Plaintiff to obtain judicial review of this action other than an action pursuant to the Administrative Procedures Act, 5 U.S.C. §§ 701-706.

48. Plaintiff believes and therefore avers that the current Administration has unreasonably laid off or reassigned Department employees responsible for administering the PSLF program and that the Department's lack of action with regard to Plaintiff's application and his numerous requests for reconsideration is due, at least in part, to this failure to maintain appropriate staff

49. Plaintiff is entitled to an order compelling the Department to cancel his remaining balances under 5 U.S.C. § 706(1).

## COUNT TWO
## 5 U.S.C. § 706(2)(A)
### (Arbitrary and Capricious Agency Action)

50. Plaintiff incorporates by reference all the above allegations as if set forth fully herein.

51. As a practical matter, the Department has rendered a final decision denying Plaintiff's PSLF application and his requests for reconsideration, based on its refusal to count payments due during the June-July 2024 period, that, nonetheless, Plaintiff made and the Department's servicing agent accepted, during a period that its servicer, the agent, arbitrarily classified as an Administrative Forbearance period.

52. In addition, the Department is unreasonably failing to apply to Buy Back provision in 34 C.F.R. § 68565.219(g) to apply those payments to Plaintiff's PSLF payment count, notwithstanding MOHELA's classification of those payments as not qualifying.

53. The Department's *de facto* denial of Plaintiff's PSLF application and requests for reconsideration is an "arbitrary and capricious" action within the meaning of 5 U.S.C. §706(2)(A).

54. Plaintiff is "aggrieved" by this action and inaction within the meaning of 5 U.S.C. § 702.

55. Plaintiff is entitled to an order setting aside this denial and declaring his entitlement to a PSLF loan cancelation.

### COUNT THREE
### Attorney Fees under 28 U.S.C. § 2412(d)
### (To Remedy Unjustifiable Agency Position)

56. Plaintiff incorporates by reference all the above allegations as if set forth fully herein.

57. The position of the Defendant in this matter is not substantially justified, thereby entitling Plaintiff to an award of attorney's fees, costs and expenses, pursuant to 28 U.S.C. § 2412(d).

### PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court conduct appropriate judicial review of the findings and conclusions underlying Defendants' unreasonable failure to cancel Plaintiff's student loans and its arbitrary and capricious action and inaction, and that it enter a Judgment,

(1) Compelling the Department to cancel Plaintiff's loans;

(2) Declaring unlawful and setting aside Defendant's *de facto* adverse findings and conclusions,

(3) Declaring that he is entitled to a PSLF discharge of his remaining loan balances;

(4) Declaring that he overpaid his student loan obligation, in the amount of all payments he made since September 2024;

(5) Awarding Plaintiff attorney's fees, costs and expenses under 28 U.S.C. § 2412(d), and;

(6)     Such other appropriate relief.

Dated: January 27, 2026                              Respectfully submitted,

/s/ Irv Ackelsberg
Irv Ackelsberg
LANGER, GROGAN & DIVER, PC
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
(215) 320-5660
iackelsberg@langergrogan.com

*Attorney for Plaintiff*